IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND CASTILLO,<br><br>       Plaintiff,<br>v.<br><br>CITY OF OAKLAND and POLICE OFFICER B. OCAMPO,<br><br>       Defendants.<br>                                     / | No. C 09-4679 SI<br><br>**FINAL PRETRIAL SCHEDULING ORDER** |

On February 8, 2011, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning February 22, 2011. All parties were represented by counsel. The following matters were resolved:

1. **Number of jurors and challenges**: There shall be a jury of seven members. Each side shall have up to three peremptory challenges.

2. **Voir dire**: The court will conduct general voir dire, and counsel for each side shall have up to 20 minutes total to question the panel.

3. **Jury instructions**: Counsel have submitted various proposed jury instructions. No later than **Friday, February 18, 2011**, counsel shall submit one complete set of proposed instructions, containing both agreed upon instructions (which shall be so noted), and contested instructions, all in the order in which they should be read to the jury. Where contested instructions are included, they should be annotated both with the proponent's authority for seeking the instruction and the opponent's reason for opposition. Where feasible, competing instructions addressing the same point shall be included

together in the single set of proposed instructions. The final submission shall be filed in hard copy and also submitted to the court on disk, suitable for reading by WordPerfect 10 (windows) on or before February 18, 2011.

4. **Trial exhibits**: No later than February 18, 2011, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side. To the extent that original documents are to be used as exhibits in the case, they should be included in the set of exhibits for the court.

5. **Timing of trial**: The parties estimated that the trial should take approximately 6 days. Based on this estimate, each side shall have 30 minutes for opening statements; each side shall have 9 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 45 minutes for closing argument.

6. **Trial schedule**: Jury trials are generally conducted Monday through Thursday; jury trials are generally not conducted on Fridays, although deliberating juries are free to deliberate on Fridays. The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 30-45 minute break at 12:00 noon and a 15 minute break at 2:00 p.m., all times approximate. Monday, February 21, 2011 is a court holiday.

7. **Motions in limine**: The parties filed four motions in limine, as follows:

**Plaintiff's motion to exclude evidence of prior arrests and convictions**: Plaintiff seeks to exclude as irrelevant and unfairly prejudicial evidence of prior arrests or felony convictions for himself and his brother. GRANTED; FRE 609(a)(1), 403. Plaintiffs' 2003 conviction is now eight years old; it involved fighting, not credibility issues; and the potential for prejudice in this case – which also involved fighting – is great. Plaintiff's brother has one more recent conviction for gang-related shooting. His only role in this trial will be as a witness, and in this context the probative value of the

conviction to his credibility is substantially outweighed by its prejudicial effects. *See Clem v. Lomeli*, No. 2:05-cv-2129-JKS, 2007 WL 2688842, *2 and n.1 (E.D. Cal. 2007)

**Plaintiff's motion to exclude collateral source evidence:** This motion is unopposed and is GRANTED.

**Defendants' motion to exclude Complaint/IA history of defendant Ocampo and other Oakland police officers**: Defendants seek to exclude evidence of prior unsustained complaints against defendant Ocampo, as irrelevant and prejudicial. GRANTED; FRE 403. The specific complaints against defendant Ocampo were investigated; were unsustained; involved very different factual settings and claims; would risk consuming undue amounts of time on collateral issues; and would be unfairly prejudicial. Plaintiff is further ordered that no complaints against any other testifying Oakland police officers (should there be any) may be mentioned or questioned about absent specific leave of court.

**Defendants' motion to exclude expert testimony re "Code of Silence"**: Defendants move to prevent plaintiff's police practices expert, Jack Ryan, from testifying about the "Code of Silence," contending that such testimony is speculative, unsupported by fact, will not help the trier of fact and would be unfairly prejudicial. GRANTED; FRE 704(a), 403. Mr. Ryan's opinion simply speculates that police officers' Code of Silence may explain alleged inadequacies in the reports prepared after the incidents involved in this case and discussions among officers concerning depositions. Mr. Ryan may offer opinions on the adequacy of Oakland's record keeping or any other factual inadequacies in its police practices, but may not speculate about the Code of Silence.

8.     **Further Settlement Conference:** The parties are ordered to contact the chambers of Magistrate Judge Larson, to arrange a further settlement conference to occur prior to the trial.

**IT IS SO ORDERED.**

Dated: February 8, 2011

SUSAN ILLSTON
United States District Judge

3